

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00029-CV

_____

THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF L.A.

On Appeal from the County Court
Hopkins County, Texas
Trial Court No. M15-00051

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

L.A. appeals from a June 9, 2015, order authorizing the administration of psychoactive medication.[1]  L.A.'s notice of appeal was filed June 11, the clerk's record was filed June 16, and no reporter's record is to be filed in this matter.[2]  The Texas Health and Safety Code requires that mental health commitment appeals be given absolute priority over all other cases and authorizes this Court to adjust the briefing deadlines and docketing timetables to achieve that end.  TEX. HEALTH & SAFETY CODE ANN. § 574.070(e) (West 2010).

Due to the accelerated nature of this appeal, we establish the following briefing schedule for this matter:  (1) the appellant's brief to be received by this Court on or before June 26, 2015, and (2) the appellee's brief to be received by this Court on or before July 3, 2015.  *See id.*  No extensions of time will be granted.

The parties are further notified that, pursuant to Section 574.070(e) of the Texas Health and Safety Code, the case will be submitted, without oral argument, to the panel of Chief Justice Josh R. Morriss, III, Justice Bailey C. Moseley, and Justice Ralph K. Burgess one day after the appellee's brief is filed.

---

[1]This order was entered contemporaneously with an order committing L.A. to a state mental health facility for extended in-patient mental health services not to exceed ninety days.  L.A. appeals from the commitment order under our cause number 06-15-00028-CV.

[2]Based on a letter from court reporter Jana Atchison Rushing contained in the clerk's record, it appears that an effort was made to create a record in this case by electronically recording the trial court proceedings.  L.A. apparently requested the transcription of a small, but specific, excerpt of those proceedings, and Hopkins County retained Rushing to transcribe the requested portions.  However, after Rushing reviewed the audio storage devices provided to her by the county, she discovered that the portion of the proceedings requested by L.A. had not been captured.  Rushing informed L.A. of the issue and advised that no reporter's record would be prepared unless and until he made a further request for the transcription of other portions of the proceedings that actually had been recorded.  We are aware of no further request submitted to Rushing, and, to date, we have received no motion or other request for assistance with respect to the reporter's record.

2

IT IS SO ORDERED.

BY THE COURT

Date:  June 17, 2015